IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARRIE M. NOTT                    *
                                  *
v.                                *
                                  *    Civil Action No. WMN-09-2613
JOHN BUNSON et al.                *
                                  *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM

Before the Court is a motion for a temporary restraining order (TRO) filed by Plaintiff Carrie M. Nott, pro se. Paper No. 2. Plaintiff alleges in her motion and in the underlying Complaint that Defendants placed her in a mortgage that was "doomed to fail from the beginning" and then later commenced a foreclosure proceeding that she asserts was a "fraud on the Circuit Court for Carroll County." Compl. at 4. Plaintiff avers that her mortgage is about $714 per month, but her income from Social Security disability is only $674 per month. She claims Defendants, while aware of her income, nevertheless convinced her that her son's seasonal lawn care job would permit her to make the payments. Although the role of each Defendant is not specified, it appears that Defendants include the mortgage lender, the servicer of the mortgage loan, the law firm that functioned as the substitute trustee in the foreclosure proceedings, as well as several individuals whose roles are unidentified.

Reviewing the docket of the state court action referenced in the Complaint, Civil No. 06-C-08052384 (Cir. Ct. Carroll Co.), it appears that the state court awarded possession of the property at issue to some of the Defendants in this action on August 21, 2009, and issued a writ of possession on September 3, 2009.  The state court docket also indicates that Plaintiff was represented by counsel in those proceedings.  Plaintiff states in her Complaint that the foreclosure is scheduled for October 20, 2009.

It is not entirely clear upon what basis Plaintiff invokes the jurisdiction of this Court.  She references in her Complaint and Motion for a TRO several federal statutes and legal provisions: (1) The Federal Protecting Tenants at Foreclosure Act of 2009; (2) the "Accardi doctrine; (3) 28 U.S.C. § 1343; and (4) the Fair Debt Collection Practices Act.  None of these provisions, however, permit this Court to interfere with the pending state court foreclosure proceedings.

The Federal Tenants at Foreclosure Act of 2009 became effective May 20, 2009, and gives certain rights to "bona fide tenants" in the event of a foreclosure.  Pub. Law No. 111-22, § 701-704, 123 Stat 1632, 1660-62.  The statute, however, excludes from the definition of "bona fide tenants" "the mortgagor or the child, spouse, or parent of the mortgagor."  Section 702(b)(1).

Plaintiff is, therefore, not a tenant within the meaning of this statute.

The "Accardi doctrine," is a doctrine of administrative law which provides that when an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954); see also Pollock v. Patuxent Inst. Bd. of Review, 823 A.2d 626, 639-45 (Md. 2003) (discussing the various approaches of Maryland courts in applying the Accardi doctrine). The Complaint, however, makes no reference to the acts of any state or federal agency.  Similarly, 28 U.S.C. § 1343 has no apparent relevance to the allegations in the Complaint.  Section 1343 merely vests the federal district courts with subject matter jurisdiction over certain civil rights claims: "Section 1343 provides federal jurisdiction for a civil action 'authorized by law to be commenced by any person' alleging a violation of Section 1985 or a deprivation of any right granted by the Constitution or federal law that protects civil rights." Dugas v. Hanover County Circuit Court., Civ. No. 8-72, 2008 WL 4153765 (E.D. Va. 2008).  As the Complaint does not allege such a deprivation of her civil rights, this Court does not have original jurisdiction over this case under that provision. Krebs v. Meyers, 222 F. App'x 107, 109 (3d Cir. 2007).

As for the Fair Debt Collection Practices Act, 15 U.S.C. §
1692 (FDCPA), the Fourth Circuit has held that a law firm or a
lawyer functioning as a substitute trustee to enforce a deed of
trust may fall subject to the provisions of the FDCPA in some
circumstances.  Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d
373, 375 (4th Cir. 2006).  Courts have uniformly held, however,
that the FDCPA does not authorize equitable or injunctive
relief.  Bolin v. Sears, Roebuck & Co., 231 F.3d 970, 977 n.39
(collecting cases).  While Plaintiff might be entitled to some
monetary relief if she can prove a violation of the FDCPA by
some or all of the Defendants, she cannot obtain a TRO or
injunction pursuant to that statute.

Plaintiff's request for a TRO fails for an additional
reason.  The state court has issued a judgment awarding
possession of the property.  Federal district courts lack the
jurisdiction to directly review the judgments of state courts as
that power is reserved to the United States Supreme Court.  See
District of Columbia Court of Appeals v. Feldman, 460 U.S. 462
(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).
Courts have consistently applied the Rooker-Feldman doctrine to
dismiss claims requesting federal district court review of a
state court's eviction and foreclosure proceedings.  See Poydras
v. One West Bank, Civ. No. 9-11435, 2009 WL 1427396 (E.D. Mich.
May 20, 2009) (collecting cases).

Accordingly, the Court must deny Plaintiff's motion for a TRO.  The Court notes that this does not necessarily leave Plaintiff without a remedy.  Presumably, she may seek relief from the Maryland state courts.

As noted above, it is unclear what specific actions were taken by individual Defendants and how those actions might have violated the FDCPA.  As currently presented, the Complaint fails to state a claim under the FDCPA (or any other federal statute or law) and the Court must therefore dismiss the Complaint.  The dismissal is without prejudice to Plaintiff's moving to amend the Complaint within 10 days if she can supply sufficient allegations against some or all of the Defendants to support her claim.[1]

A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

October 9, 2009

---

[1] The Court also notes that Plaintiff neither paid the filing fee nor filed a motion to proceed in forma pauperis.  Should Plaintiff decide to file an amended complaint, she will need to either pay the fee or, more likely, file an in forma pauperis motion.